IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIAM WILSON,                                                                PLAINTIFF

V.                                                                                      NO. 4:08CV126-M-D

CHRISTOPHER B. EPPS, et al.,                                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff initially complains that he has been denied outdoor recreation since August 1, 2007. After thoroughly reading his complaint, however, the reason he has been denied recreation is evident. Plaintiff states that he is being forced to work against his will. Clearly unhappy about the circumstances, Plaintiff has received countless rule violation reports ("RVR") for refusing to work. As a result of the RVRs, Plaintiff is routinely denied certainly privileges such as communication with his family and restricted access to the canteen. Plaintiff does not allege any disability that would prevent him from working nor does he allege any physical injury as a result of being forced to work. Plaintiff is seeking equitable relief and a permanent injunction that would prohibit Defendants' alleged unconstitutional actions in addition to monetary damages.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

<u>Physical Injury Required for Compensatory Damages</u>

The Prison Litigation Reform Act provides in part, "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In a case filed under 42 U.S.C. § 1983, a prisoner

plaintiff must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Id.*; *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). In the absence of a definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimis*, but need not be significant. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

Despite his emotional distress, Plaintiff has not alleged any physical injury. A claim for damages is barred if no physical injury is alleged. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999). Accordingly, Plaintiff's claim for damages based on purported mental suffering occasioned by being forced to work is barred. *See Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (nausea caused by raw sewage in cell was *de minimis* injury insufficient to sustain a claim for emotional damages)

Involuntary Servitude

Plaintiff laments that he is being enslaved by virtue of being "forced to work" while incarcerated. Plaintiff dose not argue and there is no proof that he is physically or medically unable to work. Amendment Thirteen of the United States Constitution provides, "Neither slavery nor involuntary servitude, *except as punishment for crime* whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." (Emphasis added). When a person is duly tried, convicted and sentenced in accordance with the law, no issue of peonage or involuntary servitude arises. *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001) Contrary to his argument, "prison inmates can be required to work" without running afoul of the Constitution. *Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir. 1993) (citations omitted). Furthermore, the Thirteenth Amendment permits involuntary servitude without pay as punishment after conviction of a crime. *Ali*, 259 F.3d at 317. In other words, forcing inmates to work without

pay does not violate the Thirteenth Amendment. *Id.* at 318; *Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006) (holding that the Fair Labor Standards Act is inapplicable to prisoners).

There are no extreme circumstances presented by the facts of this case that warrant judicial intervention. *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) (alleged disable inmate who was required to work failed to state a constitutional violation); *Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 2001) (asthmatic inmate forced to work in field after medical staff determined he was capable). Therefore, Plaintiff's claim related to MDOC compelling him to work has no merit.

### No Due Process Violation for RVR

To the extent Plaintiff's claim arises out of the numerous RVRs he received because he refused to work, it too is unavailing. As stated to above, "there is no federally protected right of a state prisoner not to work while imprisoned after conviction." *Plaisance v. Phelps*, 842 F.2d 107, 108 (5th Cir. 1988). Defendants, therefore, were entitled to discipline Plaintiff when he, without justification, failed or refused to work. *Mikeska v. Collins*, 900 F.2d 833 (5th Cir. 1990); *see also, Winston v. Stacks*, 243 Fed. Appx. 805, 2007 WL 1725515 at *1 (5th Cir. Jun. 14, 2007) (prison officials did not violate prisoner's constitutional rights by disciplining him for refusing to work when he claimed he was under medical restriction).

### No Constitutional Violation

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (citing 28 U.S.C. § 2254(a) (1982)); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the Constitution has not been implicated by the facts of this case. Since he has not alleged any physical injury, he may not recover compensatory damages for emotional distress. Similarly, absent some medical limitation, Plaintiff has no right to refuse to

3

work. Accordingly, the RVRs he received for refusing to work were not inconsistent with the Constitution. In the absence of the impingement of a constitutional right, Plaintiff's complaint must be dismissed as failing to state a cause of action upon which relief may be granted.

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Wilson is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 28th day of October, 2008.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**